UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRYSON TYLER LOKKEN,<br><br>　　　　　　　　Petitioner,<br>　v.<br>ROBERT LeGRAND, et al.,<br><br>　　　　　　　　Respondents. | Case No. 3:13-cv-00608-MMD-WGC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. This matter comes before the Court on respondents' motion to dismiss the petition. (Dkt. no. 8.)

**I.    PROCEDURAL HISTORY**

Pursuant to a jury trial in the Second Judicial District for the State of Nevada, petitioner was convicted of two counts of sexual assault of a child and one count of lewdness with a minor. (Exh. 34.)[1] On the two counts of sexual assault with a child, petitioner was sentenced to two concurrent life terms with the possibility of parole after twenty years. On the count of lewdness with a minor, petitioner was sentenced to a life term with the possibility of parole after ten years, to run concurrent with the other sentences. (Exh. 36, at 26-27.) The judgment of conviction reflecting petitioner's convictions and sentences was filed on March 5, 2007. (Exh. 37.) Petitioner appealed from his judgment of conviction, which was docketed by the Nevada Supreme Court as case no. 49147. (Exh. 38.) On September 21, 2007, petitioner filed an opening brief on

---

[1] The exhibits referenced in this order are found in the Court's record at dkt. nos. 9-19.

direct appeal. (Exh. 51.) The Nevada Supreme Court affirmed petitioner's convictions in an order filed June 4, 2008. (Exh. 59.) Remittitur issued on July 1, 2008. (Exh. 61.)

On May 23, 2009, petitioner filed a post-conviction habeas petition in the state district court. (Exh. 62.) On July 15, 2009, petitioner was appointed counsel for his post-conviction habeas proceedings. (Exh. 68.) On November 20, 2009, petitioner's counsel filed a supplemental habeas petition in the state district court. (Exh. 78.) On May 9, 2012, the state district court filed a written order denying the habeas petition. (Exh. 220.) Petitioner appealed from the denial of his state habeas petition, which was docketed by the Nevada Supreme Court as case no. 60898. (Exh. 227.) On November 16, 2012, petitioner filed an opening brief on appeal from the denial of his state habeas petition. (Exh. 263.) On October 16, 2013, the Nevada Supreme Court filed an order affirming the denial of the post-conviction habeas petition. (Exh. 267.) Remittitur issued on November 13, 2013. (Exh. 269.)

While petitioner's post-conviction habeas proceedings were still pending, on January 28, 2012, petitioner filed a motion for a new trial. (Exh. 194.) The state district court denied the motion on February 22, 2012. (Exh. 199.) Petitioner appealed the state district court's denial of his motion for a new trial, which was docketed by the Nevada Supreme Court as case no. 60308. (Exh. 200.) On April 16, 2012, petitioner filed an opening brief on appeal from the denial of the motion for a new trial. (Exh. 212.) On July 25, 2012, the Nevada Supreme Court filed an order affirming the denial of petitioner's motion for a new trial. (Exh. 249.) Remittitur issued on August 20, 2012. (Exh. 251.)

Petitioner dispatched his *pro se* federal petition to this Court on October 31, 2013. (Dkt. no. 4 at 1, item 5.) The federal habeas petition contains four grounds for relief. (Dkt. no. 4.) Respondents have filed a motion to dismiss the petition, asserting that certain factual allegations and legal theories within the petition are unexhausted. (Dkt. no. 8.) Petitioner has filed an opposition to the motion to dismiss. (Dkt. no. 24.) Respondents have filed a reply. (Dkt. no. 25.) The motion to dismiss being fully briefed, the Court now considers it.

2

## II. DISCUSSION

### A. Exhaustion Standard

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case, the Nevada Supreme Court. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). Fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See, e.g. Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

### B. Ground 1

Petitioner alleges ineffective assistance of counsel for failing to investigate and properly prepare for trial by: (1) not developing character evidence; (2) failing to call exculpatory witnesses that would have testified to the victim stating her sexual encounter with petitioner was consensual; and (3) failing to present expert testimony in response to the testimony of the nurse who conducted the S.A.R.T. (Sexual Assault Response Team) exam of the victim performed by Nurse Engel. (Dkt. no. 4 at 3.)

Respondents argue that the following allegation contained in Ground 1 of the federal petition is unexhausted: "Trial counsel also failed to challenge the sufficiency of the evidence supporting a sexual assault conviction in that trial counsel didn't present expert testimony to counteract the testimony of the state's expert witness, Nurse Denise

Engel." (Dkt. no. 4, at p. 3.) More specifically, respondents argue that petitioner's allegation of counsel's failure "to challenge the sufficiency of the evidence" is unexhausted because petitioner never made such a claim to the Nevada Supreme Court. In his opposition, petitioner explains that his use of the phrase "'to challenge the sufficiency of the evidence' was merely done to avoid plagiarizing appellant['s] counsel." (Dkt. no. 24 at 3.) Petitioner argues that this claim was raised in Ground 1 of the opening brief on appeal from the denial of his state habeas petition. (*Id.*) Ground 1 of the opening brief argued that trial counsel was ineffective for failing to retain and present a forensic expert to refute the state's nurse practitioner, Denise Engel, and her S.A.R.T. examination. (Exh. 263, at pp. 5-22.) As such, petitioner's claim in the federal petition that "trial counsel didn't present expert testimony to counteract the testimony of the state's expert witness, Nurse Denise Engel" is exhausted. However, petitioner never presented the Nevada Supreme Court with a claim that counsel failed to challenge the sufficiency of the evidence. Petitioner's allegation that trial counsel failed "to challenge the sufficiency of the evidence" is unexhausted. The remainder of Ground 1 of the federal petition is exhausted.

### C. Ground 2

Petitioner asserts a due process claim, alleging that the state district court "erred in not granting him a new trial due to conflicting evidence and newly presented evidence" regarding whether sexual contact with the victim was consensual. (Dkt. no. 4, at p. 5.)

#### 1. Unexhausted Factual Allegations

Respondents argue that petitioner's allegation in Ground 2 of the federal petition that witness Samantha Kramer stated that the victim had "sexual relations" with other young men prior to her encounter with petitioner, in contrast to testimony from the victim "that Lokken had taken her virginity," is unexhausted because it was not presented to the Nevada Supreme Court. Respondents also contend that petitioner's allegation that Kramer "indicated that the victim had sex with someone named Josh just two days after

Lokken" is similarly unexhausted because petitioner failed to present this fact to the Nevada Supreme Court. Respondents acknowledge that petitioner made a similar claim on direct appeal, but contend that the specific facts outlined above were not contained in petitioner's opening brief on direct appeal. Indeed, petitioner's opening brief on direct appeal contained a claim that conflicting evidence of sexual assault violated petitioner's due process rights during trial. (Exh. 51, at pp. 8-9.) The opening brief did not contain the specific factual allegations, as outlined above, concerning witness Samantha Kramer. (*Id.*)

In his opposition, petitioner argues that the specific allegations regarding Kramer's testimony were made in his supplemental habeas petition filed by his post-conviction counsel. (Dkt. no. 24 at 4-5.) The allegations regarding witness Samantha Kramer are contained in petitioner's supplemental habeas petition filed in state district court. (Exh. 78 at 14-15.) However, to exhaust a claim, a petitioner must have presented his federal constitutional issue and facts supporting the claim before the highest available state court "within the four corners of his appellate briefing." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). Only those factual allegations within the four corners of petitioner's opening brief were properly presented to the Nevada Supreme Court for exhaustion purposes. In his opening brief on direct appeal and in his opening brief on appeal from the denial of his state habeas petition, petitioner did not present the specific allegations that witness Samantha Kramer stated that the victim had "sexual relations" with other young men prior to her encounter with petitioner, in contrast to testimony from the victim "that Lokken had taken her virginity," or that Kramer "indicated that the victim had sex with someone named Josh just two days after Lokken." (Exhs. 51 & 263.) As such, allegations concerning the above-mentioned statements made by Samantha Kramer raised in Ground 2 of the federal petition are unexhausted. The remaining allegations in Ground 2 are exhausted.

///

///

## 2. Unexhausted Legal Theory

Respondents argue that the following claim, made in Ground 2 of the federal habeas petition, is unexhausted:

> the [state] district court wrongly dismissed exculpatory evidence that would have shown that the victim's trial testimony was in conflict. This series of documents was a weekly print-out of the victim's "MySpace" page, which would have shown the jury that the victim presented herself to be 18 years of age and to have graduated from Sparks High School in 2004. This being contrary to her trial testimony of not lying about her age, and thus critical to Lokken's defense.

(Dkt. no. 4 at 5.) In his opposition, petitioner asserts that "this information was presented to the Nevada Supreme Court on appeal of state habeas in the appellant['s] appendix as trial transcripts." (Dkt. no. 24, at p. 7.) However, petitioner never presented this legal theory within the four corners of his opening brief on direct appeal, therefore the claim is unexhausted. (Exh. 51); *Castillo*, 399 F.3d at 1000. Thus, the challenge to the exclusion of evidence from the victim's "MySpace" page contained in Ground 2 of the federal petition is unexhausted. The remaining claims in Ground 2 are exhausted.

### D. Ground 4

Petitioner alleges that trial counsel was ineffective when he "failed to advise Lokken to testify" at trial. (Dkt. no. 4 at 8A.) Petitioner argues that he should have been allowed to testify to present his theory of the case: "Lokken had only one defense to put forward, that he did not rape the victim in his bedroom on the date in question. Rather, he engaged in consensual activity with a young lady he believed to be sixteen years of age." (*Id.*) Petitioner alleges that his testimony would have shown that his conduct amounted to statutory sexual seduction, not lewdness with a minor. (*Id.*) Petitioner asserts that defense counsel told him that "he would have been convicted of lewdness with a minor" if he testified at trial. (*Id.*) Petitioner alleges that he should have testified that the encounter with the victim was consensual so that the jury could have weighed his credibility. (*Id.*) Petitioner also alleges that he felt pressure not to testify because the trial court cautioned him eleven times about testifying on his own behalf at trial. (*Id.*)

///

Respondents argue that the allegation that counsel told petitioner "he would have been convicted of lewdness with a minor" if he testified at trial is unexhausted because it was not presented to the Nevada Supreme Court. Respondents argue that, in his opening brief on appeal from the denial of his state habeas petition, petitioner asserted that his attorney was ineffective for not "encouraging" petitioner to testify. (Exh. 263 at 29-39.) This Court has reviewed the opening brief and finds that Ground 4 of the federal petition is exhausted, with the exception of the specific allegation that counsel told petitioner that he would be convicted of lewdness with a minor if he testified at trial. (*Id.*)

### III. PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIMS

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition contains both exhausted and unexhausted claims. *Id.* In the instant case, the Court finds that petitioner's allegation in Ground 1 that trial counsel failed "to challenge the sufficiency of the evidence" is unexhausted, but the remainder Ground 1 of the federal petition is exhausted. Regarding Ground 2, this Court finds that the specific allegations that witness Samantha Kramer stated that the victim had "sexual relations" with other young men prior to her encounter with petitioner, in contrast to testimony from the victim "that Lokken had taken her virginity," and that Kramer "indicated that the victim had sex with someone named Josh just two days after Lokken" are unexhausted. The challenge to the exclusion of evidence from the victim's "MySpace" page contained in Ground 2 of the federal petition is also unexhausted. The remaining allegations and claims in Ground 2 are exhausted. Ground 3 of the federal petition is exhausted. Ground 4 of the federal petition is exhausted, with the exception of the specific allegation that counsel told petitioner that he would be convicted of lewdness with a minor if he testified at trial. Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

///

1.     He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2.     He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3.     He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

See *Rose v. Lundy*, 455 U.S. 509; *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## IV. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (dkt. no. 8) is granted, as follows:

1.     Petitioner's allegation in Ground 1 that trial counsel failed "to challenge the sufficiency of the evidence" is unexhausted, but the remainder Ground 1 of the federal petition is exhausted.

2.     In Ground 2, the specific allegations that witness Samantha Kramer stated that the victim had "sexual relations" with other young men prior to her encounter with petitioner, in contrast to testimony from the victim "that Lokken had taken her virginity," and that Kramer "indicated that the victim had sex with someone named Josh just two days after Lokken" are unexhausted. The challenge to the exclusion of evidence from the victim's "MySpace" page contained in Ground 2 of the federal petition is also unexhausted. The remaining allegations and claims in Ground 2 are exhausted.

3.     Ground 3 of the federal petition is exhausted.

4. Ground 4 of the federal petition is exhausted, with the exception of the specific allegation that counsel told petitioner that he would be convicted of lewdness with a minor if he testified at trial.

It is further ordered that petitioner shall have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if petitioner elects to abandon his unexhausted grounds, respondents shall have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner shall have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED THIS 6th day of February 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE